IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ANDRE SANFORD, :
:
    Plaintiff :
:
    v. : CIVIL NO. 4:CV-13-3064
:
PENNSYLVANIA BOARD OF, : (Judge Brann)
PROBATION AND PAROLE, ET AL., :
:
    Defendants :

**MEMORANDUM**

January 7, 2014

**Background**

    Andre Sanford (Plaintiff), an inmate presently confined at the Greene State Correctional Institution, Waynesburg, Pennsylvania (SCI-Greene), initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983. Accompanying the Complaint is an in forma pauperis application.[1] Named as Defendants are the Pennsylvania Board of Probation and Parole (Parole Board), and multiple unidentified Parole Board employees. See Doc. 1, ¶ 4.[2]

---

1. Sanford completed this Court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The Court then issued an Administrative Order directing the Warden at his present place of confinement to commence deducting the full filing fee from Plaintiff's prison trust fund account.

2. The Third Circuit Court of Appeals has concluded that the Pennsylvania Board of Probation and Parole could not be sued for damages because "it is not a 'person'
(continued...)

1

Plaintiff states that he was released from custody of the Pennsylvania Department of Corrections (DOC) on July 14, 2008. On June 23, 2009, Sanford was retaken into DOC custody as a parole violator. See id. at ¶ 12. He was later transferred to a halfway house on January 6, 2011.

Sanford acknowledges that he escaped from the halfway house on May 16, 2011 due to a family tragedy. The Plaintiff was arrested on June 26, 2011 and placed in the Allegheny County, Pennsylvania County Prison. According to the pending Complaint, Sanford completed service of his "parole and probation" sentence on August 4, 2011. Id. at ¶ 16. Plaintiff adds that during a December 19, 2011 criminal hearing in the Court of Common Pleas of Allegheny County a stenographer indicated to Stanford that he had "maxed out." Id. at ¶ 17.

Following the hearing, Plaintiff was returned to the Allegheny County Prison purportedly because the Parole Board had issued a detainer against him for escaping from the halfway house. Stanford asserts that the alleged filing of this detainer was improper because he was only given a sentence of probation with respect to the escape charge. After making repeated requests to the Parole Board, Plaintiff was released from the Allegheny County Prison on December 23, 2011.

Based upon the above facts, Plaintiff concludes that he was falsely imprisoned by the Parole Board for a period of four (4) days. His Complaint seeks

---

2. (...continued)
within the meaning of Section 1983." Thompson v. Burke, 556 F.2d 231, 232 (3d Cir. 1977).

injunctive and declaratory relief as well as punitive and compensatory damages for that alleged period of excessive confinement.

## Discussion

28 U.S.C. § 1391(b) provides that: (b) "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." Since the Parole Board's main office is located within the confines of the Middle District of Pennsylvania, the complaint may be properly brought in this district.

However, it is equally well settled that a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a). The United States Supreme Court in Hoffman v. Blaski, 363 U.S. 335, 343 (1960), recognized that under § 1404(a), a civil action may be transferred by a district court to another district court where that action may have been brought by the plaintiff.

Sanford indicates that he is presently confined at SCI-Greene which is located within the jurisdiction of the United States District Court for the Western District of Pennsylvania. Plaintiff further acknowledges that the events and proceeding giving rise to the filing of this action occurred in Allegheny County which is also located within the Western District of Pennsylvania. See 28 U.S.C. § 118(c).

The judicial district[s] wherein the John /Jane Doe Parole Board employees reside is obviously unknown. As briefly discussed above, it also appears that the Parole Board may not be a properly named Defendant[3]

Based on the nature of Plaintiff's allegations, the unknown residences of the John/Jane Doe Defendants, and the fact that Plaintiff is confined at SCI-Greene, it is apparent that the convenience of the parties and the interests of justice would be best served by transferring this matter to the judicial district wherein the Plaintiff is incarcerated and the related state court proceedings and events transpired.

Since the Western District of Pennsylvania is a more convenient forum, this matter will be transferred to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). An appropriate Order will enter.

BY THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge

---

3. Clearly, even if the Parole Board is deemed to be a proper defendant, the duties of the Parole Board involve the review of claims by inmates from correctional institutions throughout Pennsylvania.